CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
NOV 0 6 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>THOMAS T. SCAMBOS, JR.,<br>*Defendant* | CIVIL NO. 3:07mc00011<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Notice of Appeal (docket entry 16) and Motion to Amend the Transcript of the Hearing (docket entry 17). Defendant appeals the Magistrate Judge's Order directing him to produce records and provide testimony to the Internal Revenue Service ("IRS"). In addition, Defendant asks this Court to amend the transcript of the Magistrate Judge's August 23, 2007 hearing to correct perceived inaccuracies. For the reasons stated below, Defendant's request is DENIED as MOOT.

I referred this case to the Magistrate Judge to determine a just resolution to the Government's petition to enforce the IRS summons. However, the Internal Revenue Code restricts the power to enforce a summons to the district courts. I.R.C. § 4202(b); *see also U.S. v. First Nat'l Bank of Atlanta*, 628 F.2d 871, 873 (5th Cir. 1980). Therefore, I shall construe the Magistrate Judge's August 23, 2007 Order as proposed findings of fact and a proposed disposition. 28 U.S.C. § 636(b)(1); *see also First Nat'l Bank of Atlanta*, 628 F.2d at 873.

Defendant filed a notice of appeal on October 11, 2007. This notice, whether filed

pursuant to Federal Rule of Civil Procedure 72(b)[1] or Federal Rule of Appellate Procedure 4,[2] is untimely. Accordingly, I adopt the Magistrate Judge's proposed disposition in its entirety. Defendant's Notice of Appeal is hereby DISMISSED as untimely.

Defendant also requests this Court to conduct a hearing to correct inaccuracies in the transcript of the August 23, 2007 hearing. Defendant avers that several prejudicial statements made by the Magistrate Judge were omitted from the official transcription of the hearing and asks that all parties present at the August 23, 2007 hearing testify as to the missing portions of the transcript.[3] Despite Defendant's allegation, a transcript certified by the court report is "deemed prima facie a correct statement of the testimony taken and the proceedings had." 28 U.S.C. § 753(b). The assertion of error alone is insufficient to overcome the statutory presumption that the transcript is correct. *United States v. Zammiello*, 432 F.2d 72, 73 (9th Cir. 1970); *see also United States v. Hill*, 78 Fed. Appx. 223, 225 (4th Cir. 2003).

Even if Defendant is correct, the alleged inaccuracies would have no bearing in this matter. Defendant has already complied with the Magistrate Judge's Order by appearing before the IRS on September 4, 2007. Therefore, this matter is moot. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). As such, this Court does not have jurisdiction. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy. . . . [A] federal court has neither the power to render advisory opinions nor 'to decide questions that

---

[1] Federal Rule of Civil Procedure 72(b) provides that a party may file specific, written objections to the proposed disposition of a matter within ten days of its receipt. Fed. R. Civ. P. 72(b).
[2] Federal Rules of Appellate Procedure 4 requires any notice of appeal to be "filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A).
[3] According to Defendant, the Magistrate Judge stated, prior to his ruling, "I don't understand anything at all that you have said. I don't understand a single argument that you have made in the courtroom."

2

cannot affect the rights of litigants in the case before them.'" (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)). Accordingly, Defendant's Motion to Amend the Transcript is DENIED as MOOT.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to both parties.

ENTERED: /s/ Norma R. Mon
United States District Judge

November 6, 2007
Date

3