CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 19 2007

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| United States of America,<br>Appellee<br><br>v.<br><br>Thomas T. Scambos, Jr.,<br>Appellant | CASE NO. 3:07 MC 00011<br><br>Appellant's<br>List of Objections<br>Ordered to be Produced |

## Appellant's List of Objections
## Ordered to be Produced

Comes now, the Appellant, Thomas T. Scambos, Jr., and files this list of Objections with the Court, as Ordered in the Amended Order issued November 9th, 2007.

1. I object to the fact that the Summons was fatally flawed and fatally defective as issued, in that it only allowed 11 days to respond to it, in violation of Title 26 USC Sec. 7609(d)(1), requiring that at least 23 days elapse before appearance can be commanded after an IRS Summons is served.

2. I object to the fact that the Summons also violated Title 26 USC Sec. 7609(b)(2)(A), requiring that a summoned person must be given at least

20 days (in order that they may initiate an action to Quash) before appearance can be commanded after an IRS Summons is served.

3. I object to the violation of 26 USC Sec. 7608(b) which requires that **only a Criminal Investigator of the Intelligence Division** may serve a Summons in an enforcement action or investigation under Subtitle A. **Agent Hunter is not a Criminal Investigator of the Intelligence Division** and has therefore acted outside her true lawful authority under 26 USC Sec. 7608(a) and violated 26 USC Sec. 7608(b). The required "appropriate process" under 26 USC sec. 7604(a) for the District Court to obtain jurisdiction has not been observed and is not intact, and in applying for enforcement of this improperly issued and served Summons, the process of the court is abused.

4. I object to the improper use of the authority under 26 USC Sec. 7608(a), of the Revenue Officers and Agents to serve summons related to the enforcement of Subtitle E provisions, which has been improperly used to serve a Summons regarding a Subtitle A investigation, not Subtitle E as required by this statutory paragraph (26 USC Sec. 7608(a)). The Justice Department has averred that Subtitle E is not a part of this action, but it was a Subtitle E authority (this paragraph) that has been relied upon in this matter to have the Revenue Officer (instead of a Criminal Investigator) improperly and unlawfully serve the Subtitle A Summons. Therefore the "appropriate process" necessary for the Court to have jurisdiction under 26 USC Sec. 7604(a) has been violated - by misusing Subtitle E – Alcohol, Tobacco & Firearms authority to improperly serve a summons regarding alleged Subtitle A tax liabilities.

2

The process of the Court is abused.

5. I object to the violation of 26 USC Sec. 7612 – inspection of books, papers, records, or other data, which shows no cross-reference applicability to Appellant.

6. I object that Jurisdiction of the District Court to enforce an internal revenue Summons can only be established by *"appropriate process"* under 26 USC Sec. 7402(b). Appropriate process cannot be established in this case because an Intelligence Officer of the Criminal Division did not serve the Subtitle A Summons as required under 26 USC Sec. 7608(b)(1), and because the authority of Revenue Agents to serve summons issued under authority of Subtitle E, was misused to serve the Summons that was issued in the instant matter (under Subtitle A). The IRS cannot legitimately misuse the authority under 26 USC Sec. 7608(a) to accomplish an end that is not authorized under 26 USC Sec. 7608(b) – i.e.: the service of a Subtitle A Summons by a Revenue Agent rather than by a Criminal Investigator. 26 USC Sec. 7608(b) controls and limits the enforcement authority of officers and Revenue Agents investigating the enforcement of the Subtitle A provisions, and it does not make statutory provision for Revenue Agents to serve Subtitle A Summons.

7. I object to the Magistrate perfecting the Summons for the IRS and ordering its enforcement without true lawful authority to do so, despite all of these fatal defects and fatal flaws that existed and were identified to the Court by the Appellant.

8. I object to the violation of 26 USC Sec. 6001 which requires that a Notice of a legal requirement to keep books and records must be given to any person responsible for the production of such, before they can be lawfully required to produce such books and records.

9. I object to the assumption of investigational jurisdiction and authority over appellant's activities, with no showing of such jurisdiction evident on the record of this court.

10. I object to the assumption of liability without identifying what statutes those alleged liabilities might originate under.

11. I object to no showing of statutory liability in the Appellant's name.

12. I object to the misapplication of the *Powell* opinion as outlined in the Appellants Memorandum At Law, which was filed with the Appellant's Appeal. I was not able (or allowed) to address this at the hearing because the Court stopped the proceedings prematurely in order to rule, before I could finish arguing all the elements of my response, including the misapplication of the Powell decision.

13. I object to the violation of Due Process effected by the Court's allowing an assumption of jurisdiction over Appellant's person.

14. I object to the violation of Due Process effected by the Court's allowing an assumption of liability for tax, with no statutory cite or showing of provision to support said assumption, even in the face of the showing of

the limited statutory liability that actually exists (in the name of Withholding Agent) in the statutes under 26 USC Sec. 1461.

15. I object that I was prohibited from compelling the production of documents that may have shown that the IRS has used computer fraud to initiate this investigation.

16. I object that I was prohibited from compelling the production of documents that may have shown that there is no taxable activity, no earnings, and no alleged tax liabilities that are actually being investigated in this matter, and that therefore: no true probable cause for the warrant (in the form of a Summons) to issue, exists.

17. I object that I was not allowed time to respond to the Order and to prepare briefs for a full response, and that when I tried to address that at the Hearing the Court said "we're not there yet" - and then conveniently never got "there" to address the raised issue.

18. I object that, at the Hearing, the Court ruled prematurely, before I was allowed to call the Revenue Agent to testify under oath regarding her false allegation that I have prepared tax returns for other persons in the past.

19. I object that the Court ignored the allegations that the Revenue Agent committed perjury in her Declaration to the Court regarding her claim that I have prepared tax returns for other persons in the past.

20. I object to no showing on the record of this court of the territorial jurisdiction exercised in this matter.

21. I object to no showing on the record of this court of the true subject matter jurisdiction, which Appellant believes is **indirect** taxation.

22. I object to no showing on the record of this court, of jurisdiction over my person or personal activities.

23. I object to the violation of my 4th Amendment rights to be secure in my person, papers, houses and effects.

24. I object to the violation of my 5th Amendment rights to Due Process.

25. I object to the violation of Article 1, Section 2, Clause 3 that this action constitutes.

26. I object to the violation of Article 1, Section 9, Clause 4 that this action constitutes.

27. I object to the improper judicial disconsideration and inconsideration committed by the Magistrate

28. I object to the court's failure to recognize the limited statutory provision regarding liability for Subtitle A income tax under Title 26 USC Sec. 1461.

29. I object to the violation of 26 USC Sec. 1461 which says that it is the *Withholding Agent* who must pay the tax under Subtitle A, not the individual.

30. I object to the violation of 26 USC Sec. 1463, which says that if any interest or penalty was owed for a failure to pay tax, it was the duty of the *Withholding Agent* to pay the interest and penalty, not the duty of the Appellant.

31. I object to the forging of District Court Orders by a Magistrate with no true authority or jurisdiction to issue Orders of the Court in these matters under these circumstances.

32. I object to the fraud of misrepresenting the limited authority of the Magistrate under these circumstances to make recommendations, as an authority to issue Orders that unlawfully violated and destroyed the 4th Amendment property rights of the Appellant.

33. I object to the production of counterfeit Orders by the Magistrate. Orders unlawfully produced and issued by a Magistrate who has no authority or jurisdiction to produce or issue such Orders under these circumstances, making those issued in the instant matter obvious counterfeits.

34. I object to the threats unlawfully made in the counterfeit and forged Order by the Magistrate to imprison Appellant unless he gave up his 4th

7

Amendment rights.

35. I object to the conspiracy engaged in by the Magistrate to conceal these facts and further violate the rights of the Appellant by altering the record of the court proceedings.

36. I object to the obvious misfeasance present in these matters

37. I object to the even more obvious malfeasance of the Magistrate

38. I object to the ex-parte communications committed by the District Court

39. I object to being *Ordered* to appear before the Court for the original hearing on August 23rd by a Magistrate with no authority or jurisdiction to issue such Court Order commanding said appearance.

40. I object to being *Ordered* to appear before the IRS on Sept. 4th to give testimony and produce books and records for inspection by a Magistrate with no authority or jurisdiction under these circumstances to issue an Order commanding such appearance.

41. I object to being *Ordered* to give testimony at that Sept. 4th appearance, by a Magistrate with no authority or jurisdiction under these circumstances to issue an Order commanding such testimony be given.

42. I object to being *Ordered* to produce books and records for inspection at that Sept. 4th appearance, by a Magistrate with no authority or jurisdiction under these circumstances to issue an Order commanding such production for inspection, – ALL of these authorities are only rightfully possessed by a proper District Court bench, not a Magistrate.

43. I object to being threatened with interminable imprisonment in both that Order and in the courtroom, by a Magistrate with no true lawful authority or jurisdiction under these circumstances to threaten or effect such imprisonment.

44. I object to a Magistrate Judge under these circumstances masquerading as, and impersonating, a District Court bench in these matters.

45. I object to being investigated by the Internal Revenue Service for the payment of a tariff tax, improperly, unlawfully, and unconstitutionally applied to the domestic activities of the Sovereign.

These objections are filed by Appellant at the Order of the District Court, which has been appealed to the 4th Circuit. This filing preserves these issues and objections, for future argument if necessary, while the Appeal of the Amended Order is heard and decided by the Federal 4th Circuit Court of Appeals.

Appellant was not able to construct a Memorandum At Law in support of all the objections in the time frame allotted by the Court for the filing of the list of objections.  Appellant would like to provide a Memorandum At Law supporting the objections in the future, if necessary, after the appeal is decided, and if these objections still need to be argued.

_____
Thomas T. Scambos, Jr.
19400 Walnut Hills Rd.
Jeffersonton, VA 22724
Appellant, In Propria Persona

## CERTIFICATE OF SERVICE

I, Thomas T. Scambos, Jr., certify that a true copy of the attached *Notice of Appeal and Apellant's List of Objections* have been served via Certified Mail to the following:

Thomas W. Curteman, Jr., Trial Attorney
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044          Certified Mail #

Thomas T. Scambos, Jr.
19400 Walnut Hills Rd.
Jeffersonton, VA 22724

Nov. 7, 2007