CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 19 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| United States of America,<br><br>                *Petitioner,*<br><br>v.<br><br>Thomas T. Scambos, Jr.,<br>                *Respondent.* | CIVIL ACTION NO. 3:07mc00011<br><br><br><br>MEMORANDUM OPINION AND<br>ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Respondent's objections to the Magistrate Judge's Report and Recommendation and his Plea for Relief and Motion for Judgment on the Pleadings [Docket #24, #32, #35]. Respondent argues, among other things, that the Internal Revenue Service ("IRS") does not have jurisdiction to issue and enforce a summons on a United States citizen, that the federal income tax is an unlawful direct tax in violation of Article I of the Constitution, and that the Magistrate Judge misapplied *United States v. Powell*, 379 U.S. 48 (1964), in recommending to enforce an IRS summons against a U.S. citizen. Because Respondent's arguments are utterly frivolous and without legal merit, the Court will DENY his objections and motions and ADOPT the Report and Recommendation of the Magistrate Judge.

## I. BACKGROUND

The United States filed this action on July 7, 2007, to enforce an IRS summons issued and served on Thomas T. Scambos, Jr. ("Scambos") on April 26, 2007. The Court issued an Order to Show Cause why the summons should not be enforced on July 10, 2007, and scheduled a hearing on the matter for August 23, 2007. The Court referred the case to U.S. Magistrate Judge B. Waugh Crigler on July 31, 2007, for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). The Court held the

hearing to show cause on August 23, 2007, and ordered Scambos to comply with the summons pursuant to *United States v. Powell*, 379 U.S. 48, 57–58 (1964).[1] At the hearing, Scambos informed the Court that he would appear before the IRS as summonsed and that he would produce the requested documents, which he did on September 4, 2007.

Scambos filed a notice of appeal five weeks later on October 11, 2007, and submitted a memorandum in support on October 26, 2007, in which he again argued that the federal income tax is illegal and unconstitutional. The Court determined on November 9, 2007, that Judge Crigler did not have authority to enforce the IRS summons and construed Judge Crigler's order as a proposed findings of fact and recommended disposition.[2] Accordingly, the Court ordered Scambos to file any objections he may have as to Judge Crigler's order in writing within ten days of receipt of the order.

---

[1] Judge Crigler found that the United States had established a *prima facie* case for enforcement of the summons pursuant to the factors set forth in *United States v. Powell*, 379 U.S. 48, 57–58 (1964), and that Scambos had failed to rebut its *prima facie* case. Scambos did not address *Powell* during the hearing, but instead argued that the IRS did not have jurisdiction over him because he is a United States citizen, not a foreign person, and the federal income tax is only lawful as a tariff on foreign persons. Scambos also argued that the federal income tax is unlawful because it is an unconstitutional direct tax in violation of Article I of the Constitution, but otherwise did not discuss why the IRS summons should not be enforced.

[2] The Court did not have the authority to permit the magistrate judge to enter a final judgment in this matter because that power is restricted to the district court. *See U.S. Steelworkers of Am., AFL-CIO v. Bishop*, 598 F.2d 408, 411 (5th Cir. 1979) (noting that the district court cannot confer jurisdiction to magistrate that is not permitted by statute). Thus, the Court shall construe the magistrate judge's order as the functional equivalent of a report and recommendation and review the order *de novo* taking into consideration any objections filed by the parties. *United States v. First Nat'l Bank*, 628 F.2d 871, 873 (5th Cir. 1980) (holding that it is within the court's discretion to construe a magistrate's order as a proposed disposition where the magistrate entered a final judgment without authority); *see also United States v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991) (holding that magistrate judge's order to enforce IRS summons was the functional equivalent of a report and recommendation because the district court conducted *de novo* review based on the parties' written objections); 14-72 James Wm. Moore et al., *Moore's Federal Practice* § 72.08 (3d ed. 1999) ("If a magistrate judge erroneously enters an order purporting to determine a dispositive matter, a district judge reviewing the order may ignore the form of the decision and treat it as a recommendation.").

Case 3:07-mc-00011-NKM-BWC   Document 37   Filed 08/19/08   Page 2 of 11   Pageid#: 405

Scambos filed written objections on November 19, 2007, but these objections simply restated his earlier arguments regarding the legality of the federal income tax laws. Scambos also filed a notice of appeal that day to appeal the Order entered on November 9, 2007. Scambos later filed a motion to stay the proceedings pursuant to Federal Rule of Civil Procedure 62(c) on November 26, 2007. The Court subsequently denied the motion to stay on January 8, 2008, because a final judgment had not yet been entered.

Scambos filed another objection to Judge Crigler's Order on January 22, 2008, and argued that Judge Crigler violated his rights under the Fifth Amendment and improperly applied *Powell*, which he believes to apply only in the case of corporations. The United States Court of Appeals for the Fourth Circuit subsequently denied Scambos's appeal on April 21, 2008, and issued its final mandate on June 13, 2008.

Scambos filed a Plea for Relief on July 25, 2008, in which he again argued that Judge Crigler improperly applied *Powell*. Scambos asks the Court to order the IRS to return all of his papers, books, and records that were turned over to them on September 2, 2007, and argues that these materials should be considered fruit of the poisonous tree because of the wrongful enforcement of the IRS summons.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate's ruling to the district court within ten days of the order. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of the magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Those portions of the magistrate's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous

or contrary to law. *See Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal. 1979). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

First, Scambos argues that the United States Congress and the Internal Revenue Service lack the constitutional authority to impose an income tax because it is a "direct" tax that has not been apportioned among the several States of the Union in violation of Article I, Section 9, clause 4 of the United States Constitution. *See* U.S. CONST. art. I, § 9, cl. 4. This argument has been repeatedly held to be frivolous and "devoid of any arguable basis in law."[3] *See, e.g., United States v. Collins*,

---

[3]The United States Court of Appeals for the Second Circuit discussed in depth this very argument before finding it indisputable that Congress has the constitutional authority to impose an income tax:

> We first address ourselves to the appellant's contention that neither the United States Congress nor the United States Tax Court possess the constitutional authority to impose on him an income tax for the taxable year 1980. Appellant argues that an income tax is a "direct" tax and that Congress does not possess the constitutional authority to impose a "direct" tax on him, since such a tax has not been apportioned among the several States of the Union. In support of his argument, appellant cites Article I, Section 9, clause 4 of the United States Constitution which provides that:
>
>> "No Capitation, or other direct, Tax shall be laid, unless in Proportion to the Census or Enumeration herein before directed to be taken."
>
> He also relies on the case of *Pollock v. Farmer's Loan and Trust Co.*, 157 U.S. 429, 15 S.Ct. 673, 39 L. Ed. 759 (initial decision), 158 U.S. 601, 15 S.Ct. 912, 39 L. Ed. 1108 (decision on rehearing) (1895), wherein the United States Supreme Court held that a tax upon income from real and personal property is invalid in the absence of apportionment.
>
> In making his argument that Congress lacks constitutional authority to impose a tax on wages without apportionment among the States, the appellant has chosen to ignore the precise holding of the Court in *Pollock*, as well as the

(continued...)

4

920 F.2d 619, 629 (10th Cir. 1990) (noting that argument that the Sixteenth Amendment does not authorize a direct, non-apportioned tax on U.S. citizens is "patently absurd" and "devoid of any arguable basis in law"). Moreover, this argument ignores the fact that the Sixteenth Amendment modified the Constitution in Article I, Section 2, Clause 3, and Article I, Section 9, Clause 4, to remove certain restrictions on Congress's taxation power. *See, e.g.*, *United States v. Stillhammer*, 706 F.2d 1072, 1077 (10th Cir. 1983) ("[T]he [Sixteenth] Amendment granted no new power to Congress, but merely freed it to exercise the taxing power granted in Article I, Section 8, in taxing income without the restriction of apportioning the tax among the states, and without regard to any census or enumeration, a condition placed on direct taxes by Article I, Section 9."). As a result, "the debate over whether the income tax is an excise tax or a direct tax is irrelevant to the obligation of citizens to pay taxes and file returns." *United States v. Melton*, 86 F.3d 1153, 1996 WL 271468, at

---

[3](...continued)
development of constitutional law in this area over the last ninety years. While ruling that a tax upon income from real and personal property is invalid in the absence of apportionment, the Supreme Court explicitly stated that taxes on income from one's employment are not direct taxes and are not subject to the necessity of apportionment. *Pollock v. Farmer's Loan and Trust Co.*, 158 U.S. at 635, 15 S.Ct. at 919. Furthermore, the Sixteenth Amendment to the United States Constitution, enacted in 1913, provides that:

> "The Congress shall have the power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the Several States, and without regard to any census or enumeration."

Finally, in the case of *New York ex rel. Cohn v. Graves*, 300 U.S. 308, 57 S.Ct. 466, 81 L. Ed. 666 (1937), the Supreme Court in effect overruled *Pollock*, and in so doing rendered the Sixteenth Amendment unnecessary, when it sustained New York's income tax on income derived from real property in New Jersey. *Id.* at 314–15, 57 S.Ct. at 468–69. Hence, there is no question but that Congress has the constitutional authority to impose an income tax upon the appellant.

*Ficalora v. Commissioner*, 751 F.2d 85, 87 (2d Cir. 1984); *see also Charczuk v. Commissioner*, 771 F.2d 471, 472–73 (10th Cir. 1985) (quoting *Ficalora*, 751 F.2d at 87).

5

*2 (4th Cir. 1996) (unpublished).

Second, it is well settled that all U.S. citizens are required to pay federal income taxes. *See, e.g.,* Lovell v. United States, 755 F.2d 517, 519 (7th Cir. 1984) ("All individuals, natural or unnatural, must pay federal income tax on their wages...."); *see also* United States v. Updegrave, No. 95-CV-6054, 1997 WL 297074, at *6 n.10 (E.D. Pa. May 28, 1997) ("[C]ontrary to defendant's claims, citizens and residents of the United States must pay federal income taxes regardless of whether they receive benefits from the United States government."). Scambos spends much of his briefs arguing that the federal income tax is unlawful other than as a tariff on foreign income or citizens because of the Supreme Court's opening statement in *Brushaber v. Union Pac. R.R. Co.*, 240 U.S. 1, 9 (1916), which states, "[T]he appellant filed his bill to enjoin the corporation from complying with the income tax provisions of the tariff act of October 3, 1913." Scambos asserts that this statement by the Supreme Court identified the income tax laws to be part of a tariff act, and a tariff, by definition, is an act imposing a tax on foreign imports or activity, not domestic activity. This argument is unquestionably spurious and it strains credulity to think that even Scambos believes such an assertion. The Revenue Act of 1913, 38 Stat. 114, also known as the Tariff Act or the Underwood Tariff, both lowered tariff rates on specific imported products *and* reimposed the federal income tax. *See* Revenue Act of 1913, ch. 16, sec. II, 38 Stat. 114, 166 (1913) ("[T]here shall be levied, assessed, collected and paid annually upon the entire net income arising or accruing from all sources in the preceding calendar year to every citizen of the United States, whether residing at home or abroad ... a tax of 1 per centum per annum upon such income ...."). Further, the Supreme Court did not discuss or reference any tariffs in *Brubasher*, but instead held that the income tax provision of the Revenue Act was not unconstitutional. *Brubasher*, 240 U.S. at 18–20 (holding that the Sixteenth Amendment did not bestow taxing power, but merely eliminated the

6

requirement that the income tax be apportioned among the state). Regardless, the Revenue Act of 1913 has long since been amended; thus, it is utterly irrelevant as to the name or the provisions within the Revenue Act given that *Brubasher* simply recognized the long held right of Congress to enact a federal income tax, not the right to enact *that specific income tax*. *Brubasher*, 240 U.S. at 17–18 (noting that the Sixteenth Amendment did not confer power to levy income taxes because Congress already possessed this power before the Amendment was enacted). In the end, Scambos's argument that the federal income tax applies only to foreign persons or corporations is based on a misreading of the statutes, regulations, and caselaw that relies on semantics and a lack of context to arrive at his predetermined conclusion, a conclusion that just happens to coincide with his own self-interest. Because Scambos has asserted only frivolous arguments devoid of any legal merit, the Court will deny any and all objections regarding the constitutionality or legality of the federal income tax laws and whether he is subject to their jurisdiction.

Third, the United States has satisfied the four elements required to establish a *prima facie* showing of good faith in order to enforce the IRS summons[4]: (1) that the investigation is being conducted for a proper purpose; (2) that the inquiry may be relevant to that purpose; (3) that the information sought is not already in the possession of the IRS; and (4) that the administrative steps required by the Internal Revenue Code have been followed.[5] *United States v. Powell*, 379 U.S. 48,

---

[4] The IRS is authorized to summons "any books, papers, records, or other data which *may be* relevant or material" to an IRS investigation. 26 U.S.C. § 7602(a) (emphasis added).

[5] Scambos has argued that *Powell* applies only in the context of corporations and not to individual taxpayers, but this argument clearly is without merit. *See Ryan v. United States*, 379 U.S. 61, 62 (1964) (affirming enforcement of IRS summons of individual taxpayer "for the reasons given in *United States v. Powell*"); *United States v. McHenry*, 552 F. Supp. 2d 571, 576 (E.D. Va. 2008) (enforcing IRS petition of individual taxpayer); *see also Parks v. FDIC*, 65 F.3d 207, 216 (1st Cir. 1995) (Selya, J., dissenting) ("Though *Powell* itself dealt with a corporate taxpayer, it is transpicuously clear that the *Powell* standard applies to the production of private
(continued...)

57–58 (1964); *Conner v. United States*, 434 F.3d 676, 680 (4th Cir. 2006). The government bears only a slight or minimal burden to make its *prima facie* case. *Connor*, 434 F.3d at 680. Once it has established a *prima facie* case in favor of enforcement, the burden shifts to the taxpayer to disprove any element or to show that judicial enforcement of the summons would constitute an abuse of the court's process. *Id.* The taxpayer bears a heavy burden in rebutting the *prima facie* case and the Court will enforce the summons unless the taxpayer is able to satisfy this heavy burden. *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444–45 (10th Cir. 1985).

Here, the IRS issued the summons for a proper purpose because it is investigating whether Scambos violated I.R.C. §§ 6700, 6701, 6694, or 6695 by promoting abusive tax schemes and preparing abusive tax returns.[6] The IRS requested, among other things, Scambos's books, records, promotional materials, and clients' tax returns because this information will help "throw light upon" the issue of whether Scambos promoted abusive tax schemes or prepared abusive tax returns; thus, it is clear that the requested information may be relevant to their investigation. *See United States v. Arthur Young & Co.*, 465 U.S. 805, 814–15 (1984). The IRS did not already have the requested items in their possession at the time it issued their summons, and it followed the required procedures to issue and serve the summons.[7] Accordingly, the Court finds that the IRS has established its *prima*

---

[5](...continued)
financial papers and records of individuals . . . .").

[6]Specifically, the IRS is investigating whether Scambos wrote, published, or sold books that aid and abet potential customers to commit tax evasion and cease filing tax returns. It is also investigating whether Scambos used offshore trust schemes to evade federal income taxes or used private banking systems to hide assets, income, and identities from the IRS.

[7]Scambos argues, among other things, that the IRS summons violated 26 U.S.C. §§ 7609(d)(1) and (d)(2) because it did not provide twenty-three days to respond before his appearance was required and the required date to appear was less than twenty days after the summons was served. Scambos misreads §§ 7609(d)(1) and (d)(2), however, as neither § 7609(d)(1) or § 7609(d)(2) set forth any such restrictions. Instead, §§ 7609(d)(1) and (d)(2)
(continued...)

*facie* case in support of enforcement. The Court also finds that Scambos is unable to rebut the *prima facie* case because he relies on frivolous arguments regarding the legality of the federal income tax laws or misreads the relevant statutes in attempting to show why the summons should not be enforced. As a result, the Court will grant the IRS's petition to enforce the summons.

Last, Scambos belatedly argues that enforcement of the IRS summons violates his Fifth Amendment right against self-incrimination. Scambos did not raise this objection in his initial objections filed on November 19, 2007, but instead raised this argument in his January 22, 2008 memorandum in arguing that *Powell* was misapplied and that the requested materials should be considered "poisonous fruit." The Court has already addressed Scambos's argument regarding *Powell* and has denied his objections as to its application. As to his Fifth Amendment argument, a taxpayer cannot assert a blanket claim of privilege under the Fifth Amendment as a valid basis not to comply with an IRS summons. *See, e.g., United States v. Schmidt*, 816 F.2d 1477, 1481 (10th Cir. 1987) (holding that a taxpayer cannot invoke the Fifth Amendment bar against self-incrimination unless he can "demonstrate that [he has] a 'reasonable cause to apprehend danger' upon giving a responsive answer that 'would support a conviction,' or 'would furnish a link in the chain of evidence needed to prosecute'" him for a criminal act (quoting *Hoffman v. United States*, 341 U.S. 479, 486 (1951)). Instead, the taxpayer must establish factually the "substantial and real" risk of

---

[7](...continued)
prohibit premature *examination* of the records at issue and do not limit when the IRS may assume physical possession of the requested records or when the party may be ordered to appear. *See Conner*, 434 F.3d at 683 (finding argument that § 7609(d)(1) prohibits physical acceptance of records before the close of the 23rd day after the notice is received to be without merit). Scambos also argues that the summons is defective because it was not served by a Criminal Investigator of the Intelligence Division as required by 26 U.S.C. § 7608(b). Scambos again misreads the statute as Section 7608 operates independently of § 7602 and does not apply in this matter given that this is a civil, not criminal, investigation. *See, e.g., Nelson v. United States*, No. 94-1345, 1994 WL 519485, at *5 (N.D. Cal. Sept. 19, 1994) (explaining that limits set forth in § 7608(b) do not apply in civil investigations, only criminal).

9

incrimination resulting from his compelled testimonial communication or from his production of documents by asserting the privilege with specificity.[8] *Id.* (quoting *Marchetti v. United States*, 390 U.S. 39, 53 (1968)); *N. River Ins. Co. v. Stefanou*, 831 F.2d 484, 487 (4th Cir. 1987). The taxpayer cannot avoid answering questions "merely because he declares that in so doing he would incriminate himself—his say-so does not itself establish the hazard of incrimination." *Hoffman*, 341 U.S. at 486.

Scambos has failed to assert the Fifth Amendment privilege with sufficient particularity for this Court to make an informed ruling on the claim. *N. River Ins. Co.*, 831 F.2d at 487. Moreover, Scambos has already turned over the requested documents to the IRS on September 4, 2007. Thus, Scambos has effectively waived his Fifth Amendment privilege against self-incrimination as to those documents that he provided to the IRS without specifically invoking the privilege.[9] *Glotzbach v. Klavans*, 196 F. Supp. 685, 687–88 (E.D. Va. 1961) (holding that taxpayer who voluntarily provided documents to IRS had waived his Fifth Amendment privilege and could not invoke it after the records had been examined). If Scambos did invoke the privilege as to any of the requested documents, the Court will review, if necessary, his purported reasons for the privilege *in camera* to ascertain whether he has established a "substantial and real" risk of incrimination resulting from the act of producing the requested documents. *United States v. Sharp*, 920 F.2d 1167, 1170–71 (4th Cir.

---

[8]The fact that Scambos prepared the documents is insufficient to trigger the Fifth Amendment privilege; rather, it is the act of producing the documents themselves that is considered testimonial, thereby warranting possible Fifth Amendment protection. *Fisher v. United States*, 425 U.S. 391, 410 & n.11 (1976).

[9]Scambos noted at the conclusion of the show cause hearing held on August 23, 2007, that he intended to invoke the Fifth Amendment privilege on a question by question basis, but he did not state his reasons for invoking the privilege. The briefs indicate that Scambos did invoke the privilege multiple times with regards to specific questions during the IRS interview held on September 4, 2007. The Court therefore finds that Scambos waived his Fifth Amendment privilege as to any questions that he answered or documents he provided the IRS without invoking the privilege. *Rogers v. United States*, 340 U.S. 367, 371 (1951) (noting that the Fifth Amendment privilege against self-incrimination "is deemed waived unless invoked").

10

1990) (holding that district court must determine if there is sufficient hazard of incrimination to invoke Fifth Amendment privilege by determining whether the requested information is incriminating in nature and if so, whether criminal prosecution is sufficiently possible to trigger the need for constitutional protection).

## IV. CONCLUSION

For the reasons stated herein, the Court finds that the IRS has satisfied the four requirements set forth in *United States v. Powell* to establish a *prima facie* case for enforcement. The Court also finds that Respondent has failed to rebut the *prima facie* case because of his frivolous arguments regarding the constitutionality and legality of the federal income tax laws. The Court further finds that Respondent did not invoke his Fifth Amendment right against self-incrimination and, therefore, has waived this right with respect to any documents that he has already provided the IRS. Accordingly, the Court hereby ADOPTS the Report and Recommendation of the Magistrate Judge, DENIES all objections by Respondent, and GRANTS the petition to enforce the summons. Further, the Court hereby DENIES Respondent's request to return his books and materials or to preclude the IRS from using this information in its investigation as he has failed to show that the books and materials were obtained improperly.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 19th day of August, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

11